# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

SYLVIA D. HENDERSON, *et al.*,  )
)
Plaintiffs,  )
)
v.  )  Civil Action No. 3:19-CV-28–HEH
)
UNITED STATES OF AMERICA,  )
)
Defendant.  )

## MEMORANDUM OPINION
(Awarding Judgment to Plaintiffs under the Federal Tort Claims Act)

This case arises from an automobile accident involving a United States Postal Service vehicle (the "postal vehicle") occurring on the afternoon of February 22, 2016, in Spotsylvania County, Virginia. This Court has jurisdiction because Plaintiffs' claims for damages are brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) against the United States.[1] After hearing the evidence introduced by both sides during a non-jury trial held on January 28, 2020, and carefully examining photographs of the debris field at the accident scene, this Court concluded by a preponderance of the evidence that the accident was caused by the failure of the postal vehicle driver, a federal employee, to yield the right-of-way to Plaintiff's vehicle.[2]

---

[1] Sylvia Henderson is the primary plaintiff in this action as she was the operator of the vehicle involved in the accident. She will be referred to as "Plaintiff" or "Henderson." Her daughter, a co-plaintiff in this action, will be referred to as "G.H."

[2] Pursuant to the FTCA, "[t]he government's liability is to be determined 'in accordance with the law of the place where the [negligent] act or omission occurred.'" *Starns v. United States*, 923 F.2d 34, 37 (4th Cir. 1991) (alteration in original) (quoting § 1346(b)). Accordingly, the Court will apply Virginia law in determining liability in this case.

In essence, Plaintiff testified that she was driving her vehicle northbound on Catharpin Road at approximately 4:15 p.m. on February 22, 2016. She was traveling between 35–40 mph. She was accompanied by her ten year-old daughter, G.H. Henderson, a co-plaintiff in this case, as well as another minor child. As she approached Alley Cat Way, a perpendicular street on her right, she observed a stopped postal vehicle. Approximately two car lengths from that intersection, the postal vehicle pulled out onto Catharpin Road. Henderson immediately veered to the left to avoid the accident, but the left front bumper of the postal vehicle struck her car. She described the impact as forceful, causing her airbags to deploy. Photographic evidence was introduced by Henderson depicting the damage to the passenger side of her automobile. The photographs also reflected a debris field concentrated near the double yellow line in the center of the roadway. As a result of the impact, both Henderson and G.H. sustained injuries requiring medical care.

The operator of the postal vehicle, Kasey Hatton Bergquist ("Bergquist"), admitted that she did not have a clear recollection of the details of the accident. However, she testified that it was her recollection that her postal vehicle was sitting idle on Alley Cat Way when Henderson's vehicle veered to the right and struck the left front bumper of the postal vehicle at the edge of the side road. Bergquist testified that she was preparing to pull across Catharpin Road, crossing the northbound lane, and make a left hand turn onto the southbound lane of Catharpin Road. Bergquist did not believe that her vehicle had pulled across the northbound lane at the time of the collision, as Henderson

described in her testimony. This Court concluded, however, that the physical evidence at the scene did not support Bergquist's recollection of the accident.

Critical to the Court's analysis of the evidence is the debris field clearly depicted in the photographs taken at the scene and admitted into evidence without objection. There is no apparent debris at the edge of Alley Cat Way, consistent with the collision occurring at that point. Aside from a few isolated fragments on the outer edge of the northbound side of Catharpin Road, the bulk of resulting debris is clearly indicated by the photographs as being in the southbound lanes. The debris pattern is clearly consistent with Plaintiff's recollection of the point of impact.

Furthermore, a close examination of photographs of the postal vehicle situated on Alley Cat Way after the accident show the wheels turned sharply to the right. As counsel for Plaintiffs pointed out during final argument, if Bergquist was pulling forward at the time of impact, the wheels would not have been turned sharply to the right as they would be if the postal vehicle had been backed off the roadway on an angle from the point of impact. Bergquist had no recollection of moving the postal vehicle after the accident.

The accident scene was investigated by a Virginia state trooper. Plaintiff provided a detailed description of the collision consistent with her testimony. Although cooperative, Bergquist declined to provide a formal written statement to the trooper.

After considering the evidence offered by both parties, and the final arguments of counsel, this Court concluded, by a clear preponderance of the evidence, that the driver of the postal vehicle failed to yield the right-of-way to Henderson's vehicle and therefore was the cause of the accident.

As a result of the accident, both Plaintiffs sustained physical injuries requiring medical attention. Both were initially treated at a hospital emergency room. Henderson's injuries required follow-up care from a chiropractor, orthopedic surgeon, and physical therapist. Her work activities were limited and stressful. The United States stipulated that all medical care received by both Plaintiffs was necessary and the medical expenses incurred were reasonable.

Dr. Kenneth Accousti, a board-certified orthopedic surgeon, described by videotaped deposition the treatment received by Sylvia Henderson for accident-related injuries to her neck, shoulder, and wrists. He also testified that she sustained a partially torn tendon as a result of the accident.

Based on the testimony of Dr. Accousti, and the absence of objection by the United States, the Court finds the following medical expenses to be reasonable and necessary to treat both Plaintiffs' injuries proximately caused by the accident, and awards the following:

- Sylvia Henderson: medical expenses for treatment of neck, shoulder, and wrists—$17,472.68
- G.H. Henderson: medical expenses for treatment of neck, finger, and ankle—$2,107.52

With respect to compensation for pain, suffering, inconvenience, and mental anguish, the Court awards the following:

- Sylvia Henderson—$60,000.00
- G.H. Henderson—$10,000.00

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 5, 2020
Richmond, Virginia